UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PEGASUS EQUINE GUARDIAN ASS'N | : | NO. 2:17-cv-0980 |
| VERSUS | : | JUDGE SUMMERHAYS |
| U.S. ARMY, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion for Leave to File Amicus Curiae Brief [doc. 102] filed by Kimberly Sheppard in support of plaintiff Pegasus Equine Guardian Association ("Pegasus"). *See* doc. 102, att. 2. The United States Army and Brigadier General Patrick D. Frank, defendants in this matter, oppose the motion and Sheppard has filed a reply. Docs. 104, 107.

### I.
### BACKGROUND

This action arises under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, as a challenge to decisions made by the Army and Brigadier General Frank, in his official capacity as commanding general of Fort Polk and the Joint Readiness Training Center ("JRTC"), concerning horses trespassing on the Army's property at Fort Polk, Louisiana. Pegasus, plaintiff in this matter, is a non-profit regional conservation organization and has members who recreate in and enjoy the landscape of Fort Polk and the adjoining Kisatchie National Forest. Doc. 1, pp. 4–5, ¶¶ 9–13. It challenges the defendants' decisions regarding removal of the horses from Fort Polk under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the National Historic Preservation Act ("NHPA"), 54 U.S.C. § 306108 *et seq.*

The parties have filed cross-motions for summary judgment, which are pending before the court. *See* docs. 96, 101. Kimberly Sheppard, who is not a party to the suit but is a former board member of Pegasus,[1] now seeks leave to file a brief she prepared ("Sheppard brief") in partial support of Pegasus's position. Doc. 107, pp. 1, 6; *see* doc. 102, att. 2 (Sheppard brief). The defendants oppose the motion because it (1) is untimely, (2) is not relevant or useful, and (3) does not provide any new information or raise new issues. Doc. 104. Sheppard counters that her brief provides new information in the form of her position that the horses are wild animals and thus subject to various federal and state protections for that category, contrary to the position adopted by the Army. Doc. 107. Accordingly, she maintains, her brief shows that the horses' rights were not given proper consideration under NEPA in the defendants' decision-making process. *Id.*

## II.
## LAW & APPLICATION

### A. Standards Governing Filing of an Amicus Brief

An individual who participates as an amicus curiae is not a party in the litigation. Rather, his purpose is to submit briefing that will assist the court without duplicating or advocating for a party to the suit. *Ctr. for Bio. Diversity v. Jewell*, 2017 WL 4334071, at *1 (citing *Newark Branch, N.A.A.C.P. v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991)). There is no rule governing the appearance of an amicus curiae in the district courts. Instead, "[d]istrict courts have inherent authority to appoint or deny *amici*" as derived from Federal Rule of Appellate Procedure 29. *Jin v. Ministry of State Sec.*, 557 F.Supp.2d 131, 136 (D.D.C. 2008) (internal quotations omitted). "The concerns of necessity and timeliness which undergird [Rule 29] appear no less important in the district court than in the court of appeals." *Abu-Jamal v. Horn*, 2000 WL 1100784, at *5 (E.D.

---

[1] Sheppard provides that she was a founding member of Pegasus but resigned from the organization in May 2018 due to disagreements with plaintiff's counsel and the rest of the board over litigation strategy. Doc. 107, att. 1, pp. 4–5.

Pa. Aug. 7, 2000). Courts instead refer to Rule 29 in determining whether to grant leave to file an amicus brief. *E.g.*, *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 2011 WL 5865296, at *1 & n. 1 (S.D.N.Y. Nov. 22, 2011). Though the decision still lies solely within the district court's discretion, the court may be guided by factors such as whether the proffered information is "timely and useful or otherwise necessary to the administration of justice." *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F.Supp.2d 920, 927 (S.D. Tex. 2007), *aff'd sub nom. United States ex rel. Gudur v. Deloitte & Touche*, 2008 WL 3244000 (5th Cir. Aug. 7, 2008) (internal quotations omitted).

### B. Standards Applied to Sheppard's Motion

The defendants oppose the motion for leave to file an amicus curiae brief as (1) untimely, (2) not helpful or useful, and (3) not providing any new information. Rule 29 generally requires that an amicus brief be filed "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. Proc. 29(a)(6). Sheppard's brief was filed over two months after Pegasus filed its motion for summary judgment. *See* docs. 96, 102. Comments to Rule 29, however, show that the deadline may be flexible so long as the opposing party is given adequate time to respond to issues raised in the amicus brief. Fed. R. App. Proc. 29, cmt. (e). The court has not yet taken up the motion for summary judgment, and the defendants' deadline for filing their reply brief has not yet passed. Doc. 113. The untimeliness of the motion would therefore likely serve as insufficient cause, by itself, to deny Sheppard's motion and the court will instead address defendants' second and third arguments first.

Because this action arises under the APA, the court exercises a limited scope of review and will only set aside the challenged decision if it is arbitrary, capricious, not in accordance with the law, or exceeds the agency's statutory authority. *E.g.*, *Biodiversity Legal Found. v. Babbitt*, 146

F.3d 1249, 1252 (10th Cir. 1998). NEPA requires that an agency take a "hard look at environmental consequences" before making a decision, but only "prescribes the necessary process for preventing uninformed—rather than unwise—agency action." *Robertson v. Methow Valley Citizen Council*, 490 U.S. 332, 350–51 (1989). Accordingly, a NEPA's mandate is "essentially procedural" and does not prescribe a particular result. *City of Shoreacres v. Waterworth*, 332 F.Supp.2d 992, 1005 (S.D. Tex. 2004) (quoting *Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council*, 435 U.S. 519, 558 (1978)).

Sheppard's brief primarily consists of legal argument relating to whether the horses are wild animals, in response to the defendants' determination that the horses are not covered by the Wild Free-Roaming Horses and Burros Act ("WHBA"), 16 U.S.C. § 1331 *et seq. See* doc. 102, att. 2. The defendants argue that Sheppard's brief is irrelevant to the alleged NEPA violation because the issues she raises were already considered by the Army, the United States District Court for the Eastern District of Louisiana, and the United States Court of Appeals for the Fifth Circuit. They also maintain that her arguments do not show that the Army fell short of its obligation to consider an issue—instead, she merely disagrees with the result. Doc. 104, pp. 3–5.

Sheppard asserts that a proper NEPA analysis was not conducted in this matter because the defendants have not adopted her position that the horses are wild. Doc. 102, att. 2, p. 7. To this end she argues for several pages about the statutory definitions of livestock under federal and state law. *Id.* at 1–16. She also attaches a New Mexico state court case from October 2018, where the court reversed a determination by the New Mexico Livestock Board and determined that a herd comprised wild horses and was entitled to protection available under New Mexico law, as well as a 1994 opinion from the New Mexico attorney general on state law protections and state jurisdiction over wild horses on Army property. *Id.* at 18–37, 38–48. Finally, she attaches a

"[s]upplemental statement" by an unnamed author on potential results of rounding up the horses; a copy of her correspondence with an anthropology professor about the horses; pictures of the horses; and a copy of Louisiana statute that prohibits long-distance sale of certain horses. *Id.* at 49–57.

In 2016 the defendants released their draft Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") relating to the current challenged decision for public comment. *See* JRTC-A-000003. Commenters raised several issues, including the status of the animals as "wild" and the application of the WHBA. JRTC-A-000004; JRTC-B-001044–1340. In response the defendants quoted an opinion from the United States District Court for the Eastern District of Louisiana, upholding their 1999 determination that the animals were not subject to WHBA's protections. JRTC-A-000004; *see* JRTC-B-000142–JRTC-B-000155 (summary judgment decision). Defendants also stated that they had not found "any additional information that would change the conclusion that was reviewed by the court in 2001," and reviewed reasons why the WHBA did not apply. JRTC-A-000004.

Sheppard's brief makes a legal argument that the horses qualify as wild animals, notwithstanding the decisions above, because they do not meet federal definitions of livestock. Doc. 102, att. 2. She admits that the animals are **not** subject to the WHBA. *Id.* at 9–10. She asserts that the animals are therefore covered by unspecified federal and state animal welfare laws. *Id.* at 8–12. However, she fails to show any statute that would offer the horses greater protection as "wild" creatures, outside of the WHBA. Additionally, Pegasus has already argued at length about the horses' contributions to the environment due to their untamed status and alleged descent, regardless of their qualification under the WHBA. Thus, to the extent that Sheppard's arguments relate to the horses' proper categorization for the purposes of invoking animal welfare protections,

they are irrelevant. To the extent they urge consideration of the horses' undomesticated status in evaluating environmental or cultural impacts under NEPA or NHPA, they are duplicative of what Pegasus has already set forth with more comprehensive arguments and greater proposed evidentiary support. Accordingly, Sheppard's brief is unhelpful to the court in deciding the pending motions for summary judgment and will therefore be denied.

## III.
### CONCLUSION

For the reasons provided above, the Motion for Leave to File Amicus Curiae Brief [doc. 101] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 28th day of January, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE